UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| LOUISIANA SPECIALTY HOSPITAL, LLC | CIVIL ACTION |
|---|---|
| VERSUS | NO. 10-1513 |
| WILMA ADAMS | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendant's motion to dismiss. For the following reasons, the motion is DENIED.

**Background**

In this case, Louisiana Specialty Hospital L.L.C. d/b/a Triumph Louisiana Specialty Hospital asserts that Wilma Adams, a former employee, was mistakenly paid $75,300 when she was owed $75.30, and that she has unlawfully retained the funds. Triumph is a Delaware LLC with its principal place of business in St. Louis Missouri. Its sole member is RehabCare Group East, Inc., a Delaware corporation with its principal place of business in St. Louis.[1] Wilma Adams is domiciled in Louisiana.

Triumph is a long-term acute care hospital that employed Adams as a Licensed Practical Nurse on an at-will basis. She was paid an hourly wage of $23.50 and on March 12, 2010, she was to be paid a shift bonus of $75.30. However, the gross payroll direct deposit to

---

[1] In response to the defendant's argument that plaintiff could not satisfy the diverse citizenship requirement of 28 U.S.C. §1332 because it had not pleaded the citizenship of Triumph's members, Triumph amended its complaint to include this information.

1

Adams included a shift bonus of $75,300. When Triumph realized its error, it notified Adams and demanded repayment of the $39,893.22 erroneously received by her. Adams refused.

Triumph filed this lawsuit for conversion and unjust enrichment in federal court on the basis of diversity jurisdiction under 28 U.S.C. §1332. Adams now moves to dismiss.[2]

Adams argues that this Court does not have subject matter jurisdiction because the amount in controversy requirement has not been met. She points out that plaintiff's allegation that she was issued a gross payroll deposit of $77,082.52 does not reflect the amount in controversy. The gross payroll amount does not include deductions for taxes, social security, and medicare. The actual amount in controversy, Adams insists, is $39,893.22, as evidenced by an April 6, 2010 email and an April 20, 2010 letter received by Adams, which state that Adams owes that amount to the plaintiff.

The plaintiff responds the matter in controversy includes more than the money Adams received directly, it includes the amounts paid to the government on her behalf. Triumph argues that its good faith allegation that it has been damaged in the amount of $75,224.70 is sufficient to satisfy the amount in controversy requirement. On its conversion claim, Triumph points out, the proper measure of damages is the value of property converted: that

---

[2]It is unclear whether any criminal investigation has also been initiated.

is, Triumph says, the amount Triumph has lost. Triumph claims that under IRS rules, it cannot recoup the amount withheld for taxes until it collects the funds actually paid to Adams. Under its unjust enrichment claim, Triumph adds, damages amount to the value of the benefit conferred, which, Triumph insists, includes the benefit of payment of taxes on her behalf. Triumph submits that Adams has failed to prove to a legal certainty that Triumph's damages are less than $75,000. The Court agrees.

**Law and Analysis**

I.

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move to dismiss an action for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof rests on the party seeking to establish federal jurisdiction. Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001); see St. Paul Reinsurance Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). In determining whether jurisdiction exists, the Court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. Ramming, 281 F.3d at

3

161; Clark v. Tarrant County, 798 F.2d 736, 741 (5th Cir. 1986). In a factual attack, the defendant submits evidence in support of its motion and the plaintiff must prove by a preponderance of the evidence that the Court has subject matter jurisdiction. Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981). In weighing the evidence, the Court attaches no presumption of truthfulness to the plaintiff's allegations. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981).

II.

The plaintiff submits that this Court has subject matter jurisdiction under 28 U.S.C. §1332.[3] Plaintiff's amended complaint establishes diversity of citizenship: The plaintiff, a limited liability company, has one member- a Delaware corporation with a principal place of business in St. Louis Missouri- and the defendant has a Louisiana domicile. At issue is whether the plaintiff has established that the amount in controversy is greater than $75,000.

Where a party challenges the Court's jurisdiction by questioning the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith."

---

[3] Section 1332 grants original jurisdiction in the district courts "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

4

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938). Dismissal is only justified if it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." Id. at 289. Thus

> if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount . . . the suit will be dismissed.

De Aquilar v. Boeing Co., 47 F.3d 1404, 1409 (5th Cir. 1995). To determine the value of the matter in controversy, the Court must "look to state law to determine the nature and extent of the right to be enforced in a diversity case." Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 352–53 (1961).

In Louisiana, "[t]he traditional damages for conversion consist of the return of the property itself, or if the property cannot be returned, the value of the property at the time of the conversion." Quealy v. Paine, Webber, Jackson & Curtis, Inc., 475 So. 2d 756, 761 (La. 1985). A defendant may also be liable for mental anguish and inconvenience arising from the lost use of the property converted. Broussard, Bolton, Halcomb & Vizzier v. Williams, 796 So. 2d 791, 796 (La. Ct. App. 3 Cir. 2001). Indeed, "[t]he purpose of tort damages is to make the victim whole." Bellard v. Am. Cent. Ins. Co., 980 So. 2d 654, 668 (La. 2008); see Quealy, 475 So. 2d at 762.

5

The Louisiana Civil Code provides that: "A person who has been enriched without cause at the expense of another person is bound to compensate that person. . . . The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less." LA CIV. CODE art. 2298. "Enrichment may be measured by a gain in assets, an economic benefit for which defendant has not fairly paid, or reduction of his liabilities." Gulfstream Servs., Inc. v. Hot Energy Servs., Inc., 907 So. 2d 96, 102 (La. Ct. App. 1 Cir. 2005).

III.

Adams submits that Triumph only seeks a return of the $39,893.22 that it alleges she erroneously received. The email and letter from Triumph support this position. Adams argues that this establishes to a legal certainty that the amount in controversy does not exceed $75,000. Her submission is not persuasive.

Under either theory advanced by Triumph, it appears that Adams could be held liable for the full amount paid. Damages for conversion are intended to make the victim whole, and, therefore, the amount lost by Triumph seems to be the appropriate measure. Damages for unjust enrichment would amount to the lesser of Triumph's impoverishment or Adams's enrichment. LA CIV. CODE art. 2298. The former is clearly more than $75,000. The Court finds that Adams's enrichment includes not only the amount she allegedly wrongfully received in cash, but also the amounts paid by Triumph

6

to satisfy Adams's tax liability and to contribute to governmental benefit programs on her behalf. See Gulfstream Servs, 907 So. 2d at 102. Thus, Adams's enrichment, if proved, is also more than $75,000.

It does not appear to a legal certainty that Triumph could only recover an amount less than $75,000. The plaintiff has, therefore, satisfied its burden of establishing this Court's subject matter jurisdiction. Accordingly, the defendant's motion is DENIED.

New Orleans, Louisiana, August 13, 2010.

_____
MARTIN L.C. FELDMAN
UNITED STATES DISTRICT JUDGE